**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | |
| v. | Case No. 24 CR 483 |
| LATAVION JOHNSON, | Hon. LaShonda A. Hunt |
|     Defendant. | |

**UNOPPOSED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Certain materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case contain particularly sensitive information (collectively, "Sensitive Material"). Sensitive Material includes, but is not limited to the following:

    a. information on the process of converting semiautomatic firearms to fully automatic machineguns; and,

    b. nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information.

2. All discovery containing Sensitive Material, including those previously produced to the defendant in this case, are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order this Court.

3. Defendant and defendant's counsel shall not disclose Sensitive Material or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of Sensitive Material as necessary to prepare the defense but may not retain copies without prior permission of the Court.

4. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce Sensitive Material except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

      5.      Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of Sensitive Material, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

      6.      Before providing Sensitive Material to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

      7.      Upon conclusion of all stages of this case, all Sensitive Material and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Sensitive Material. In the event that Sensitive Material is retained by defense counsel, the restrictions of this Order continue in effect for as long as the Sensitive Material is so maintained, and the Sensitive Material may not be disseminated or used in connection with any other matter without further order of the Court.

      8.      To the extent any Sensitive Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Sensitive Material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

      9.      The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

      10.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**DATED**: December 12, 2024                   **ENTERED**:

                                                    *LaShonda A. Hunt*
                                                    LASHONDA A. HUNT
                                                    United States District Judge